MICAJAH FRAZER, ADM'R, *v.* SARAH M. THATCHER ET AL.

1. FACT CASE.—See facts stated which justified the action of the court in refusing to disturb the verdict of a jury on an issue of fraud.

2. FRAUD—PREFERRED CREDITOR.—Although a creditor may know the insolvency of the debtor, he may fairly and legally secure for himself a preference over other creditors, (provided his negotiation

does not come within the prohibitions of the Bankrupt law,) and this though the object of the debtor be to defeat his other creditors, provided the preferred creditor is not chargeable with notice of that fact.

3. JUDGMENT LIEN—EQUITY.—The law, except as varied by registration statutes, is, that a judgment lien is subject to every equity against land in the hands of a judgment debtor at the time of the rendition of the judgment.

APPEAL from Colorado. Tried below before the Hon. Livingston Lindsay.

This was a suit brought by appellant for 1010 acres of land, part of the Nelson league, in Colorado county, Texas; being the tract of land set apart by James S. Montgomery to his son, William W. Montgomery, who, while financially embarrassed, on the 15th of January, 1869, conveyed it to Sarah M. Thatcher, his sister, in consideration of $1005, which sum he claimed that he owed his sister;—this being all the property owned by him. Mrs. Thatcher, on the 31st day of December, 1869, reconveyed the land to W. W. Montgomery, to enable him to negotiate a loan of money, which he did, by executing a mortgage upon the land, to secure the payment of the money borrowed.

On the 3d day of November, 1870, R. A. Brown, surviving partner of Shackleford, Brown & Co., obtained judgment against W. W. Montgomery, upon which an execution was issued and levied upon the land, which was sold by the sheriff. of Colorado county on the first Tuesday in May, 1871, and purchased by R. A. Brown, who sold the land to the plaintiff, on the 10th day of April, 1872. He instituted suit on the 24th day of September, 1872.

The testimony tended to show that Montgomery was indebted to his sister, Mrs. S. M. Thatcher, and, being unable to pay, deeded her the land in satisfaction of the debt. The intent and purpose of the reconveyance back to Montgomery, as appears from the testimony of several witnesses, was to enable Montgomery to negotiate a loan of about $1,200, by mortgaging the property. Mrs. Thatcher, when the recon-

veyance was made, requested that the deed should not be recorded, unless it should be found necessary to do so on her failure to pay the note. The object of the loan, as appears from the testimony, was not to enable Montgomery to raise money for himself, but for the purpose of redeeming the property of a brother of both the parties, whose land had been sold under execution during his absence in Mexico. To effect this object, the reconveyance was made and the mortgage made. The mortgagee, expressing his unwillingness to deal with a woman, or to sue her if in default, suggested the reconveyance, and dealt with W. W. Montgomery, who was coöperating with her to raise money for the benefit of the absent brother's estate. It appears that the reconveyance was never, in point of fact, delivered to W. W. Montgomery, but remained in the hands of a third party, and was never recorded. Verdict and judgment for S. M. Thatcher, from which Frazer appealed.

*T. Barnard*, for appellant.—When we take into consideration the relationship existing between the vendor and vendee, and the consideration for which the deed was executed, and subsequent reconveyance by Mrs. Thatcher to Montgomery without consideration, it is evident that the object and purpose of the conveyance from Montgomery to Thatcher were made for the purpose of defrauding creditors; and if it was made for that purpose, it was absolutely void. (Paschal's Dig., art. 3876; Edrington *v.* Rogers, 15 Tex., 188; Wood *v.* Chambers, 20 Tex., 247; Bacon *v.* O'Connor, 25 Tex., 223.)

It is contended, by appellant, that the conveyance from S. M. Thatcher to Montgomery, on the 31st of December, 1869, did vest a perfect title in the said Montgomery.

The second assignment charges that the court erred in refusing to give the charges asked by the plaintiff. The known insolvency of the grantor, and his acts in putting his property out of the reach of his creditors, were evidence of fraud; and the knowledge of his insolvency by the appellee was suffi-

cient to invalidate his deed. (Green v. Banks, 24 Tex., 514.) The possession of the property by W. W. Montgomery, after his conveyance to Mrs. Thatcher, and her subsequent release to him of the same, are circumstances which establish her knowledge of his intention to defraud his creditors, and of her aiding and assisting him in it. She will not be heard to plead ignorance of the intention of her brother, when she might have informed herself by the use of ordinary diligence. (Garahy v. Bayley, 25 Tex. Supp., 302.)

*Delaney & Cook,* for appellees.

GOULD, ASSOCIATE JUSTICE.—There are but three points covered by the assignments of error, and none other will be considered.

Reversing their order, and commencing with the third, the question presented, is whether the verdict was unsupported by, or contrary to, the evidence. There were but two material issues of fact: 1st. Was the conveyance from Montgomery to Mrs. Thatcher fraudulent; or was it merely such a preference of one creditor over others as was legitimate? 2d. Was the deed from Mrs. Thatcher to Montgomery placed in the hands of Cook to be used by him only for a special purpose, and without any intention of vesting in Montgomery any other or beneficial title? By their verdict, the jury determined these issues of fact against the plaintiff; and we think that the evidence justifies the action of the court below in refusing to disturb that verdict.

The second error assigned, is that the court erred in refusing to charge the jury, "That if, at the time of the conveyance from Montgomery to Mrs. S. M. Thatcher, Mrs. Thatcher knew the embarrassed condition of W. W. Montgomery, and if the conveyance was made to defraud his creditors, then the fact that Mrs. Thatcher paid a valuable consideration does not divest the transaction of fraud and covin, and the land was subject to W. W. Montgomery's debts, and the law of the

case is with the plaintiff; and you will so find." The objection to this charge, is that if Mrs. Thatcher knew of the embarrassed condition of her brother, she is denied the privilege of making with him a fair trade, for the purpose of securing payment of her honest debt against him. Surely, although she knew Montgomery to be insolvent, she might fairly and legally secure for herself a preference over other creditors, provided she did not come within the prohibitions of the Bankrupt law; and this, too, even though Montgomery's object may have been to defeat his creditors, unless she was chargeable with notice of that fact.

The charge asked was rightly refused.

The remaining assignment of error, is " That the court erred in its charge to the jury, that if the reconveyance by Sarah M. Thatcher of the land sued for, to her co-defendant, was for the purpose of enabling her and her brother to raise money for the relief of their other brother, that such reconveyance did not divest her of the title to the land, nor vest it in her co-defendant."

The purport of this charge was to direct the jury to consider the object for which the deed by Mrs. Thatcher was made and placed in the hands of Cook, in determining whether its effect was to make the land subject to the execution. The appellant assumes that if the deed took effect, and passed the legal title to Montgomery, the land was thereby made subject to his debts; and that it was inadmissible to look behind the deed, to its consideration and object, for the purpose of showing that the equitable ownership was still in Mrs. Thatcher. But the law, except as varied by the registration statutes, is, that a judgment lien is subject to every equity against the land in the hands of the judgment debtor, at the time of the rendition of the judgment. (Blankenship *v.* Douglass, 26 Tex., 228, and authorities there cited.)

The equitable rights of Mrs. Thatcher in the land would be protected from sale under judgment and execution against Montgomery, unless, under the registration law, those rights

are subordinated to the claim of a creditor or innocent pur-
chaser. As no question in regard to the effect of the regis-
tration law has been raised in this case, it is fair to assume
that the plaintiff's claim could not be strengthened by show-
ing that any lien was acquired by Brown, either as creditor
or purchaser, without notice of Mrs. Thatcher's equities. It
is enough to respond to the question presented by the assign-
ment of error. The response is, that only the actual or bene-
ficial interest of W. W. Montgomery was subject to the exe-
cution, and that the court did not err in directing the jury to
look to the purpose of the reconveyance; and that if that
was merely to facilitate the loan, the title did not vest in
Montgomery so as to be subject to sale.

The judgment is affirmed.

AFFIRMED.