JAMES L. CALVERT v. C. A. ROCHE ET AL.

(Case No. 4149.)

59  463
c92  207

1. JUDGMENT LIEN — TRUSTS.— A judgment lien takes precedence of rights claimed under an unrecorded deed from the judgment debtor, without notice; but where, though the legal title is in the judgment creditor, he holds the same under an unrecorded trust for another, the purchaser at execution sale, having notice of the trust before purchase, acquires no title.

2. SAME — NOTICE.— If, however, the trust is discharged by a conveyance of the legal title to the *cestui que trust* by deed, which has not been recorded, where a moneyed judgment in favor of another is rendered against the trustee, the land is subject to the lien of the judgment, in the absence of notice before the lien attaches. Actual possession, accompanied with acts of ownership by the former *cestui que trust* prior to the rendition of the judgment, is notice of the title under which he claims.

APPEAL from Karnes. Tried below before the Hon. H. Clay Pleasants.

Calvert brought this action against appellees some time prior to April 13, 1877, in trespass to try title, and to remove cloud from the title of certain lands, claiming through a judgment rendered in the district court of Wilson county against P. R. Trial, November 23, 1875, a copy of which was filed for record in Karnes county, where the land is situated, December 8, 1875, and execution, levy and sale, the latter March 7, 1876.

Appellees claimed that P. R. Trial held the legal title to the land in trust for them; that it was purchased by him with means belonging to them and for their benefit; that in settlement of the trust Trial conveyed to them in July, 1875, each by separate conveyance, six hundred and thirty-one acres; that they immediately took possession of the same, and had since that time held and exercised acts of ownership over it; that their deeds from P. R. Trial were filed for record in Karnes county, January, 1876; and that appellant had full notice of their rights at and before his purchase.

The case was tried by the court without a jury. Judgment for appellees.

*Lawhon & Browne*, for appellant, cited Blankenship v. Douglass, 26 Tex., 226; Ayres v. Duprey, 27 Tex., 593; Grace v. Wade, 45 Tex., 522; Grimes v. Hobson, 46 Tex., 416; Story's Eq. Jur., § 1264; Perry on Trusts, § 218.

No briefs on file for appellees.

WATTS, J. COM. APP.—If, as claimed, the land conveyed by Avery to P. R. Trial and wife was in part paid for with trust funds held by Trial for the appellees, and to that extent he purchased the land for them, that would vest in the appellees an equitable right to the same, to the extent of the trust funds thus invested; such an equitable right as would sustain an action by them against Trial to compel a conveyance of the legal title.

An equitable right of this character is not within the operation of the statutes of registration, as respects the rights of creditors. That is, if the creditor of the party holding the legal title should attempt to subject the land to the payment of his debt, the rule applied in Grace v. Wade, 45 Tex., 522; Grimes v. Hobson, 46 Tex., 416, and other like cases, to the effect that an unrecorded deed is void against a creditor who has acquired a lien upon the land without notice, has no application.

As a general proposition, a judgment lien only attaches to the

actual interest of the debtor in the land; but on account of our registration laws, ordinarily, if the judgment lien attaches before the creditor has notice of the existence of the unrecorded deed, then such deed is subordinated to the lien, and subsequent notice of the existence of the deed would work no change in the rights of the parties. But when the debtor holds the legal title in trust for others, with whose funds and for whose use it was purchased, then if the purchaser at sheriff's sale, made by virtue of such judgment, has notice of the rights of the *cestui que trusts* before his purchase, he would acquire no title to the property as against them. This distinction results from the fact that such an equitable right is not subject to or governed by the registration statutes. Blankenship v. Douglass, 26 Tex., 226.

In this case, however, it appears that Trial had executed conveyances to the appellees in the settlement of the trust. These conveyances like all others were required to be recorded, and a failure to record them would be attended by the same result as would attend the failure to record a deed made upon any other consideration. The reason for the rule in Blankenship v. Douglass ceases upon the execution of the deed in settlement of the trust; for the *cestui que trust* then no longer claims as such an equitable right to the land, but he then has the legal title by reason of the deed, which, as before remarked, is subject to the registration laws.

It is claimed that appellees had taken possession of the land after the execution of the deeds to them, and prior to the time the lien was fixed by the record of the judgment under which appellant claims; and that they had exercised such acts of ownership over the land prior to the record of the judgment as was sufficient to give the plaintiff in that judgment and all others notice of their right to the land. We are of the opinion that the finding of the court, to the effect that such notice existed, is sustained by the evidence. Therefore the judgment would not be reversed because of the finding in this respect. But it should be understood, in this connection, that no opinion is expressed as to the preponderance of the evidence upon that issue.

But as the facts are disclosed by the record, it seems that Trial included in the conveyances to appellees and to Joseph Trial lands previously conveyed by Avery to Whitley. And following the calls in these deeds, it appears that there is a portion of the land conveyed by Avery to P. R. Trial and wife that is not included in any of these conveyances. This may perhaps have resulted from the fact that the Whitley survey is included in these deeds. From the

averments of the answer in which the report of the surveyor is contested by the appellees, it might have been that the parties to these conveyances were mistaken as to the position which the Whitley survey occupied upon the tract.

But whatever might have been the cause, the fact remains that from the record there appears to be a portion of the land conveyed by Avery to P. R. Trial and wife that is not embraced in the conveyances made by them. And as the question is here presented, no good reason is perceived why appellant was not entitled to a judgment for that balance or interest. In this respect we think that the court erred, and that the judgment ought to be reversed. But as it appears that the case was not fully presented upon its merits, we conclude and report that it ought to be remanded for another trial.

In view of another trial, perhaps it should be remarked that if in fact appellees had an equity in the land, by reason of its being purchased with trust funds, and for them, and there was a mutual mistake of the parties to these conveyances as to the position of the Whitley survey on the grant, then by proper proceedings with all parties interested before the court, these conveyances might perhaps be so reformed as to carry into effect the real intention of the parties; however, any right acquired by appellant by reason of his purchase at the sheriff's sale, if without notice of appellees' rights in this respect, could not be divested by such proceeding.

REVERSED AND REMANDED.

[Opinion approved May 22, 1883.]