## A. O. GAINES ET AL. v. NATIONAL EXCHANGE BANK.

(Case No. 1874.)

1. HOMESTEAD — FRAUD.— One who transfers, in fraud of his creditors, land not occupied or designated for homestead purposes, though the transfer be made before judgment on a debt existing at the date of the transfer, cannot defeat the lien of the judgment by afterwards procuring a reconveyance of the land and occupying it as a homestead.

2. EQUITY — ACTION.— Such judgment creditor may enforce his right as against the fraudulent vendor by an equitable proceeding to set aside the fraudulent deed and remove cloud from title, and is not compelled to resort in the first instance to a levy and sale of the property.

3. SAME — JUDGMENT LIEN.— A suit by the judgment creditor to remove cloud from title, and to set aside such fraudulent deed, brought on the return of an execution issued in time, preserves the judgment lien.

4. VERDICT.— A verdict which by its terms was in favor of a deceased person, who had once been a party to the cause, and whose interest was represented by the heir, was not on that account fatally defective, when, after rejecting that portion of it, there was still enough specifically stated in the verdict in response to the issues submitted to sustain the judgment.

5. PRACTICE — Objections to a judgment appealed from, when urged for the first time in the supreme court, will not be considered.

APPEAL from Falls. Tried below before the Hon. B. W. Rimes.

Appellee, on the 20th of February, 1878, filed its suit against the appellant A. O. Gaines and Lina Gaines and J. W. Whitsett, to cancel and set aside two deeds made by A. O. Gaines; one to Lina Gaines conveying three hundred acres of land, and one to J. W. Whitsett conveying three hundred acres, the two tracts constituting the six hundred acres of land. The petition alleged that on the 8th of September, 1877, J. W. Hutchins recovered a judgment in the district court of Falls county against A. O. Gaines for $1,095 and costs, which remained unsatisfied, except $165, and on December 19, 1877, Hutchins transferred to plaintiff the judgment. That the defendant A. O. Gaines was insolvent, and, being the owner of this six hundred acres of land on the 1st of September, 1877, made these conveyances to Mrs. Lina Gaines and Whitsett without consideration and for the purpose of defrauding his creditors. Mrs. Lina Gaines answered, and claimed the three hundred acres conveyed to her upon the alleged ground that the land never was the property of A. O. Gaines, but that he only held the legal title in trust; that the whole six hundred acres was the property of her deceased husband, D. Y. Gaines, and in his life-time conveyed to A. O. Gaines the six hundred acres upon a parol agreement that he should hold three hundred acres of it in trust for her, and that this deed of A. O. Gaines, of September, to her was in satisfaction of that trust.

The defendant A. O. Gaines answered denying the allegations of fraud, and alleged that, having no homestead, with the view of making his homestead on the land, he repurchased it from Whitsett (Whitsett conveying to him February 12, 1879), and that he at once then moved on the land, making two hundred acres of the land, which he described in his answer, his homestead. Pending the suit Mrs. Lina Gaines died, and her only heir, Bettie Gaines, was made a party, appearing by her guardian, W. D. Gaines. The cause was tried before a jury in February, 1884. Judgment was rendered for the plaintiff against A. O. Gaines, and in favor of Bettie Gaines against the plaintiff. Plaintiff and the defendant A. O. Gaines appealed.

Both appellants assigned errors.

This cause was before the commissioners of appeals on a former appeal.

*Goodrich & Clarkson*, for *A. O. Gaines* and *Bettie Gaines*, that the remedy existed at law, the deed not having been recorded until after judgment, cited: Wallace v. Campbell, 54 Tex., 89; Mainwarring v. Templeman, 51 Tex., 205.

That the lien was lost by the failure to sue out execution from year to year, they cited: Bassett v. Proetzell, 53 Tex., 569; Barron v. Thompson, 54 Tex., 235; Russell v. McCampbell, 29 Tex., 39; Bennett v. Gamble, 1 Tex., 132; Graves v. Hall, 13 Tex., 382.

On the right to appropriate the land as a homestead, they cited: Stone v. Darnell, 20 Tex., 11; Macmanus v. Campbell, 37 Tex., 267; Const. 1845, art. 7, sec. 22; Const. 1866, art. 12, sec. 15; Const. 1870, art. 15, sec. 15; Const. 1876; Stone v. Darnell, 20 Tex., 11; Baird v. Trice, 51 Tex., 555.

Regarding the parol trust, they cited: Gaines v. Bank, Law Rep., vol. 1, 489; Hall v. Layton, 16 Tex., 274; Miller v. Thatcher, 9 Tex., 484; Vandever v. Freeman, 20 Tex., 333; Neil v. Keese, 5 Tex., 30; Ranney v. Miller, 51 Tex., 262; Cuney v. Dupree, 21 Tex., 219; Mabry v. Birge, 44 Tex., 283.

*J. A. Martin*, for the bank, that a judgment lien cannot be defeated by subsequently acquired homestead rights, cited: Fort v. Powell, 59 Tex., 321; Gage v. Neblett, 57 Tex., 374; R. R. Co. v. Winter, 44 Tex., 597; Baird v. Trice, 51 Tex., 555.

That the judgment creditor could elect to levy and sell, or sue to remove cloud from title, he cited: Cassaday v. Anderson, 53 Tex., 527; Lynn v. Le Gierse, 48 Tex., 138.

That, to engraft a parol trust on a deed absolute, the trust must be clearly proved, he cited: Cuney v. Dupree, 21 Tex., 211; Grooms v. Rust, 27 Tex., 234; R. R. Co. v. Garrett, 52 Tex., 138; Moreland v. Barnhardt, 44 Tex., 283; Agricultural Ass'n v. Brewster, 51 Tex., 263.

DELANY, J. COM. APP.— We will first consider the case made by the appellant, A. O. Gaines.

He presents eight assignments of error, but there are only one or two points in his case. The only objection which he makes to the judgment is that it gave to the plaintiff the tract of three hundred acres of land upon which he (Gaines) had placed his homestead.

The question, then, to be determined is whether, as against the plaintiff, he could rightfully claim a homestead upon that tract. The land lay in Falls county. The judgment against Gaines, under which the plaintiff claimed, was rendered in that county on September 8, 1877. Gaines had conveyed this land to Whitsett on September 1, 1877. On February 12, 1879, Whitsett reconveyed the land to Gaines, and the latter immediately fixed his residence upon it and claimed it as his homestead.

Upon these facts, the court presented to the jury a question of fact for them to find, and that was whether or not Gaines had conveyed to Whitsett for the purpose of defrauding his creditors. The court also told the jury that if they determined that question in the affirmative, they need not consider the question of homestead. The jury found the conveyance fraudulent, and said nothing about the homestead. In the charge, we think, there was no error, and the verdict is supported by the evidence.

The plaintiff, however, insists that this suit, being an equitable proceeding to set aside a deed and remove cloud, etc., cannot be maintained, inasmuch as the plaintiff had a plain, adequate and complete remedy at law, viz.: by levy and sale of the property. This position cannot be maintained. See Lynn v. Le Gierse, 48 Tex., 138.

But appellant Gaines insists that, as the plaintiff did not cause executions to issue regularly upon the judgment, the lien upon the land was lost; and that, when it was reconveyed to him by Whitsett in 1879, it came to him free from the judgment lien. He therefore claims the right to hold two hundred acres of it as his homestead. But in our opinion he cannot sustain the claim. The ground upon which a judgment is held to have lost its lien is that proper diligence has not been used to enforce it. But no want of diligence can be imputed to the plaintiff in this cause.

Soon after the rendition of the judgment, execution issued, and immediately upon its return this proceeding was instituted. This was a legitimate method of enforcing the judgment, and in our opinion it preserved the judgment lien. Cassaday v. Anderson, 53 Tex., 527; Freem. on Ex., sec. 430. There is no error of which the appellant Gaines can complain.

We will now consider the objections which the plaintiff as appellant makes to the judgment. And we may remark that these questions were, in the main, settled upon the former appeal. The facts upon both the trials in the district court were about the same; upon the last trial the judge in his charge followed the opinion of the court delivered upon the first appeal. We find no valid objection to the charge.

The verdict was as follows: " We, the jury, find for the defendant Mrs. Lina Gaines. We find that the three hundred acres of land was held in trust by A. O. Gaines for Mrs. Lina Gaines and her children, and is not subject to the payment of A. O. Gaines' debts."

Appellant objects to this verdict, because there is a finding in favor of Lina Gaines, who was not a party to the suit. Lina had been a party, and upon her death her child Bettie was made a party. But the finding for Lina Gaines may be rejected, and still there is sufficient to support the judgment.

Appellant further objects to the finding that the land was held in trust for Lina Gaines *and her children* as not supported by the allegation in the answer that it was held for Lina Gaines. The proof was that the land was intended by D. Y. Gaines for his second family. Whether the wife Lina had any children at that time does not appear. The trust was evidently created for the benefit of Lina and such children as she had or might have, and the deed was properly made by A. O. Gaines to her. There is no merit in the objection.

There is still another objection to the judgment, which, however, is made for the first time in this court. The deed from A. O. to Lina Gaines is dated September 1, 1877, and was filed for record on September 29, 1877. The plaintiff's judgment was on the 8th of that month. Now the plaintiff insists that the execution of the deed put an end to the trust. Calvert v. Roche, 59 Tex., 463. And further, that the lien of the judgment would prevail over Mrs. Gaines' title by virtue of the unrecorded deed.

This objection was not made below, although the plaintiff asked numerous charges and made two motions for a new trial. The

evidence is not inconsistent with the idea that the deed may have been delivered and acknowledged for registration on the day of the filing for record. And if the objection which is now urged had been made upon the trial below, such facts might have been proved; at least a sufficient answer might have been given.

In our opinion it should not be entertained when brought forward for the first time in this court.

The judgment should be affirmed.

AFFIRMED.

[Report of Commissioners of Appeals adopted at Galveston February 20, 1885.]