GARRISON et al. v. CITIZENS' NAT. BANK OF HILLSBORO.

No. 889.

Court of Civil Appeals of Texas. Waco.

Jan. 16, 1930.

Second Motion for Rehearing Denied March 6, 1930.

Wear, Stollenwerck & Wear, of Hillsboro, for appellants.

Frazier & Averitte, of Hillsboro, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted by Mrs. Mollie Garrison, surviving wife of J. O. Garrison, deceased, individually and as executrix of his

last will and testament, and by five of the children and heirs at law of said decedent, from a judgment of the district court establishing and foreclosing a judgment lien in favor of the Citizens' National Bank of Hillsboro on 42 acres of land situated in said county. Appellee, on December 17, 1928, holding an unsatisfied judgment against J. P. (Pierce) Garrison, a party defendant in this suit but not a party to this appeal, caused an abstract of such judgment to be duly recorded in the judgment records of Hill county. The regularity of such judgment is not assailed.

The tract of land upon which appellee's judgment lien was foreclosed was the community property of J. C. Garrison, deceased, and his said surviving wife. On November 3, 1914, they, by warranty deed, conveyed said land to J. P. Garrison, the judgment debtor herein for a recited consideration of $2,600 cash and a vendor's lien note for $1,600, which deed was promptly recorded. According to the undisputed testimony, the grantee did not agree to purchase said property, and did not pay anything therefor. Neither was it the intention of the grantors to give him said land. The sole consideration for and the purpose of such conveyance was the creation of said vendor's lien note and the negotiation of the same for the purpose of raising money for the use of the grantors. The grantee, in pursuance of such plan, executed and delivered a deed of trust on said land to secure the payment of said note. Said note was negotiated, and grantors received the proceeds thereof. The tract of land so conveyed was situated across the road from a 212-acre tract of land on which grantors resided at the time. J. P. Garrison, the grantee in said deed, never took possession of said land nor actually claimed the same. J. C. Garrison, grantor in said deed, retained possession of said land, cultivated, used, and enjoyed the same, and paid the taxes thereon continuously thereafter until his death, which occurred December 16, 1928. J. P. Garrison and wife, on November 18, 1927, for a recited consideration of $3,280 cash and the assumption of the further sum of $1,970 evidenced by grantor's note, reconveyed said land to the said J. C. Garrison. The undisputed testimony shows that the sole purpose of this conveyance was to reinvest the grantee with the legal title to said land. Nothing was paid and nothing was promised therefor, and the grantee continued in the use and enjoyment of the land as before. Said deed was duly delivered to the grantee, but was not recorded until two days after the death of the grantee and one day after appellee's abstract of judgment was recorded. It was agreed on the trial that appellee had no actual notice of said deed of reconveyance at the time it recorded its abstract of judgment.

Appellee alleged in its original petition that the deceased, J. C. Garrison, left a last will and testament in which his surviving wife, Mrs. Mollie Garrison, was named as independent executrix and as sole devisee, and that said will had been filed for probate but had not at that time been probated.

The case was tried to the court and judgment rendered in favor of appellee Citizens' National Bank of Hillsboro against Mollie Garrison, individually and as executrix of the estate of J. C. Garrison, deceased, and all her codefendants, establishing a judgment lien in the sum of $1,356.30, with interest and costs, and foreclosing the same upon said tract of land, and directing that order of sale issue and that said property be sold as under execution and the proceeds applied first to the satisfaction of appellee's judgment.

### Opinion.

Appellants present a group of propositions in which they contend that the court erred in declaring appellee's judgment a lien on the land in controversy and in foreclosing such lien. They base such contention on the theory that the judgment debtor, J. P. Garrison, never held anything but the naked legal title to said land, and theretofore reconveyed the same to the beneficial owner, and that there was at the time of the record of such abstract of judgment no interest in said land in him to which a lien could attach. Our Supreme Court, in Blankenship v. Douglas, 26 Tex. 225, 228, 229, 82 Am. Dec. 608, declared, in substance, that it was well settled that a judgment lien on the land of a debtor, except as affected by our registration statutes, is subject to every equity which existed against the same in his hands at the time the lien was fixed, and that our courts will protect the equitable rights of others and will limit such lien to the actual interest which the judgment debtor had in the land. The court further held in that case that one who acquires a judgment lien, although without notice of prior equities, is not to be regarded in the light of a purchaser for value, and is not entitled to protection against such equities. While recognizing that by virtue of such statutes a judgment lien fixed without notice of an unregistered deed to land would attach to the interest conveyed thereby, the court further held that the trust arising where one person pays the purchase money and the title to the land purchased is taken in the name of another was an equity beyond the scope of such statutes respecting the rights of creditors. The rule so announced has been continuously followed by our courts. Parker v. Coop, 60 Tex. 111, 116, and cases there cited; McKamey v. Thorp, 61 Tex. 648, 651.

The case of Michael v. Knapp, 4 Tex. Civ. App. 464, 23 S. W. 280, 281, 282, involved a conveyance of land by the Knapps by deed absolute in form to one Redick to secure a loan. Upon payment of the loan, Redick re-

conveyed the property to the Knapps, but the deed of reconveyance was not recorded until Michael, a creditor of Redick's, had secured a judgment against him, and, without notice of such deed, had caused an abstract of such judgment to be recorded in the judgment records. Michael then brought suit to foreclose his judgment lien on the land. The court held that the deed to Redick conveyed only the legal title to the property, that the equitable title remained in the Knapps, and that therefore our registration statutes did not apply to their interest, and affirmed the judgment of the trial court denying the foreclosure sought. While it does not appear that there was any attempt to have the judgment of the Court of Civil Appeals in that case reviewed by the Supreme Court, the case has been frequently cited as authority by other Courts of Civil Appeals.

The case of Hawkins v. Willard (Tex. Civ. App.) 38 S. W. 365, 366, presents a similar state of facts. Mrs. Hawkins conveyed a tract of land to her son that he might mortgage it to secure money for her use. She procured the money from other sources, and her son executed a deed conveying the land to her. After such reconveyance was executed and delivered, but before it was recorded, a creditor of the son, without notice thereof, levied an execution on said land. The court held that the son held the legal title in trust for his mother and that her equitable right to the land was not within the scope of our registration statutes; that such right was not lost by her failure to record the deed reconveying the legal title to her, and sustained an injunction prohibiting the sale of said land under such levy. This case was cited as authority by our Supreme Court in the case of First State Bank v. Jones, 107 Tex. 623, 183 S. W. 874, 876, 877.

Our Supreme Court, in John B. Hood Camp v. De Cordova, 92 Tex. 202, 206, 47 S. W. 522, 523, said: "It is the well-settled law of this state that the purchaser at a sale of land under execution, to which the defendant in execution holds the legal title, in trust, however, for another, acquires no title, provided that at the time of his purchase he has notice of the trust; and the rule is not varied although the judgment creditor may, without notice of the equity, have fixed a lien upon the land in any of the modes provided by statute." The court further held in that case that the rights of the holder of the equitable title were not affected by his failure to record a conveyance to him of the legal title.

The same rule was applied by a special Supreme Court in the case of Johnson v. Darr, 114 Tex. 516, 272 S. W. 1098 et seq., notwithstanding the title involved in that case vested in the trustee by virtue of a deed from the beneficiary absolute in form and duly recorded, and a written acknowledgment of the equitable title to the beneficiary was executed, acknowledged, and delivered by the trustee to the grantor at the time of the transaction and withheld from record until after the creditor's attachment against the trustee had been duly levied on the land. The court in that case cited and reviewed many authorities bearing on the point under consideration, to all of which reference is here made.

The trial court based the judgment rendered on the fact that, at the time appellee's abstract of judgment was recorded, the record title to the land in controversy was in J. P. Garrison, the judgment debtor, and that the deed of reconveyance had not been recorded and appellee had no notice thereof. These facts, in view of the undisputed testimony that the equitable title to said land remained in J. C. Garrison and wife notwithstanding their deed to their son, J. P. Garrison, the judgment debtor, did not under the authorities hereinbefore cited entitle appellee to judgment foreclosing a lien upon said land, and such judgment is therefore reversed, and the cause is remanded.