## ROESER & PENDLETON, Inc., v. STANOLIND OIL & GAS CO.

### No. 5461.

Court of Civil Appeals of Texas. Texarkana.

March 15, 1940.

Rehearing Denied March 21, 1940.

Thompson & Barwise, Sterling C. Holloway, and Luther Hudson, all of Fort Worth, for appellant.

Turner, Rodgers & Winn and F. J. Scurlock, all of Dallas, and Clay Tallman and Donald Campbell, both of Tulsa, Okl., for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellee, Stanolind Oil & Gas Company, in trespass to try title to the 7/8 leasehold mineral interests in ten acres of land located in Marion County, against Sterling C. Holloway, M. H. Overlees, and Roeser & Pendleton, Inc. Holloway and Overlees disclaimed any interest in the land and were dismissed from the suit. Roeser & Pendleton, Inc., answered by general demurrer, general denial and a plea of not guilty. Trial to the court without a jury resulted in judgment for plaintiff, from which defendant has appealed.

The facts material to the issues involved in the appeal are not disputed. Flesh and Hootkins constitute the common source of title. On or about December 17, 1936, M. H. Overlees, a broker, negotiated the sale of the lease from Flesh and Hootkins to appellee. Because appellee did not want the fact known that it was at that time purchasing minerals in that particular area, and though appellee was paying the entire consideration for the lease, the name of M. H. Overlees, with his consent, was inserted as grantee in the conveyance from Flesh and Hootkins, and on the same occasion Overlees executed a conveyance with the name of the grantee left blank. The deed executed by Flesh and Hootkins to Overlees and the deed executed by Overlees to blank grantee were attached to a draft drawn on appellee for $3,000, the purchase price of the land, in favor of Flesh and Hootkins, through the Fort Worth National Bank and was deposited in the First National Bank in Dallas for collection. In due course the draft was paid by appellee and the instruments were delivered to it. Overlees never paid or agreed to pay any portion of the purchase money and has never claimed to own any right, title or interest in the land, but merely held the naked legal title in trust for appellee. On December 31, 1936, appellee filed the deed executed by Flesh and Hoot-

kins to Overlees for record in the office of the County Clerk of Marion County, and it was duly recorded.

On March 30, 1929, prior to the matters above mentioned, Roeser & Pendleton, Inc., obtained a judgment against M. H. Overlees for the sum of $4,202.02. Execution was issued on the judgment and levied upon certain personal property, from the sale of which the judgment was credited with $57.93 and the execution duly returned. On February 8, 1937, an abstract of the judgment was filed, recorded and indexed in Marion County. On February 25, 1937, an alias execution was issued and levied on the land here involved as the property of M. H. Overlees. At the time the abstract of judgment was filed and at the time the levy under the execution was made, Roeser & Pendleton, Inc. (appellants here), had no notice of appellee's interest in the land. On March 9, 1937, or some date prior thereto, the name of appellee, Stanolind Oil & Gas Company, was inserted as grantee in the deed above referred to as executed to blank by Overlees, and the instrument was on that date filed for record and recorded in Marion County, and appellant was on the same date given actual notice of appellee's interest in the land. Thereafter, on April 6, 1937, a sale was made under the levy above mentioned, to appellant for $1,000, credited on its judgment against Overlees.

Appellant contends that by recording its abstract of judgment at a time when it had no notice of appellee's interest in the land and when the record title thereto stood in the name of Overlees and when the deed executed by Overlees had not been recorded, that appellant fixed a judgment lien upon the land under R. S. Article 5449, Vernon's Ann.Civ.St. art. 5449, and that by the foreclosure of said lien in the issuance of execution, levy and sale of the land as the property of Overlees, appellant acquired title protected by force of the registration statute, Article 6627, as of the date of the recording of its abstract of judgment; that appellant thus holds the position of a judgment lien creditor under said registration statute, without notice at the time of fixing its lien, and that appellee can not assert its title, either legal or equitable, in this suit against appellant, because it is shown that Overlees had conveyed the legal title to appellee, and which deed was not of record at the time appellant fixed its lien.

Article 6627, under which appellant bases its rights, reads as follows: "All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing; and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding."

Appellee does not dispute that appellant was without notice of appellee's claim at the time appellant recorded its judgment and that appellant is in the position of a judgment lien creditor, under Article 6627, and that the deed executed by Overlees not being of record at the time appellant recorded its judgment lien, must under said statute, in a suit between appellant and appellee, be treated as void. But appellee does dispute that appellant's lien attached to any interest in the land, because Overlees never then or at any other time owned any interest in the land and possessed no more than the mere naked legal title, which he held in trust for appellee, who by virtue of its payment of the purchase money became vested with the superior, equitable title, and that such equitable title was not subject to the registration statute.

Appellant's propositions may for convenience be grouped under two contentions which, stated in the reverse order to their arrangement in appellant's brief, are: (1) That no trust resulted from appellee's payment of the purchase money for the land, the title to which was taken in the name of Overlees, because Overlees on the same occasion conveyed the legal title to appellee by executing the deed to blank grantee and delivering it to appellee. (2) That the trust, if any resulted from appellee's purchase and payment of the consideration for the land, was completely executed and settled by Overlees' signing the deed in blank and delivering it to appellee who thereafter inserted its name therein as grantee, thus uniting the legal title with the equitable title in appellee, whereby appellee's equitable ownership of the land became subject to registration, and not having been recorded at the time appellant recorded its lien, could not be urged in this suit against appellant.

We do not think that either of the contentions urged by appellant can be sustained. As to the first contention, it appears that one of the illustrations of the facts in which a trust results with respect to land, most frequently found in the decisions, is where the consideration is paid by one person and the title is taken in the name of another. 42 T.J. 637, Sec. 36. The alleged immediate settlement of the trust would not logically destroy the fact of its creation. Moreover, the contention, we think, is incorrect in assuming that the deed executed by Overlees to blank grantee operated as conveyance of the legal title upon its delivery. The instrument as delivered did not show who paid the consideration or to whom the conveyance was intended, nor did it in any other manner designate a grantee therein. A deed which does not name or in some manner designate a grantee is inoperative to convey the legal title. 14 T.J. 798, Secs. 41, 42, 43. So, the deed executed by Overlees to blank grantee was an incomplete instrument at the time it was delivered to appellee, and it did not operate as a conveyance of the legal title until the authority to insert the name of a grantee therein was exercised. It is not shown that appellee immediately exercised that authority, or when it was exercised, further than that the name of appellee was inserted as grantee in the instrument at some time prior to its recording on March 9, 1937, which date was after appellant had recorded its judgment against Overlees.

Appellant's second contention presents the question of whether or not by reason of the unrecorded deed from Overlees, the registration statute would preclude appellee from asserting its original equity in the land. Appellant stands in the position of a judgment lien creditor, without notice at the time of fixing its lien, and in whose debtor the recorded title stood at that time, but which debtor in fact never at any time owned any interest in the land, and only held the naked legal title in trust for appellee, the equitable owner; and which debtor had conveyed the legal title to the cestui que trust. Such deed was not of record at the time the creditor fixed its lien. But it is not shown that such deed had been completed (by insertion of appellee's

name therein as grantee) so as to operate as conveyance of the legal title at the time the creditor fixed its lien.

We have found no case holding that the statute precluded the cestui que trust from asserting his superior equity in the land in the absence, as here, of a showing that the trustee had conveyed the legal title to the cestui que trust prior to the time the creditor fixed his lien; and it appears that since its enactment in February 1840, all the decisions hold that an equitable title, as here, acquired independent of the legal title, is not subject to or governed by the registration statute, and that the superiority of such title may be asserted against the creditor, even though he had no notice thereof at the time of fixing his lien; and, except the case of Calvert v. Roche, 59 Tex. 463, the decisions further hold that though the legal title has been conveyed to the cestui que trust and though such deed is not of record at the time the creditor fixes his lien, the cestui que trust may assert his original equity, acquired, as here, independent of the deed, in a suit against the creditor, because in such suit the statute requires that such unrecorded deed shall be treated as void. Blankenship v. Douglas, 26 Tex. 225, 82 Am.Dec. 608, and subsequent decisions. The case of Calvert v. Roche, supra, announced a contrary doctrine, based upon the theory that since the trustee's deed conveyed the legal title to the cestui que trust, his equity was thereby extinguished, therefore he could not claim either the unrecorded deed or under his original right. But it appears that Calvert v. Roche was overruled by the later case of John B. Hood Camp v. De Cordova, 92 Tex. 202, 47 S.W. 522, 523, in which Chief Justice Gaines speaking for the Supreme Court said:

"It is the well-settled law of this State that the purchaser at a sale of land under execution, to which the defendant in execution holds the legal title, in trust, however, for another, acquires no title, provided that at the time of his purchase he has notice of the trust; and the rule is not varied although the judgment creditor may, without notice of the equity, have fixed a lien upon the land in any of the modes provided by statute. Blankenship v. Douglas, 26 Tex. 225 [82 Am.Dec. 608]; Grace v. Wade, 45 Tex. 522; Frazer v. Thatcher, 49 Tex. 26; Senter v. Lambeth, 59 Tex. 259; Parker v. Coop, 60 Tex. 111; Mc-Kamey v. Thorp, 61 Tex. 648. We presume, however, that this question was certified by reason of the fact that before the appellant acquired its lien by recording an abstract of its judgment, Maxcy, the trustee, had conveyed the land to the appellee by a deed which was not filed for record, and of which appellant had no notice. Upon the question as presented, the decisions of this court seem to be in conflict. In Blankenship v. Douglas, above cited, the trustee, as in this case, had conveyed the land by deed to the cestui que trust before the lien was acquired. The deed was not recorded, and, while there was evidence tending to show that the judgment creditor had constructive notice of the claim of the cestui que trust when the judgment was rendered and the execution was levied, the fact was not indisputably proved. It was distinctly held, however, that even if the judgment creditor had no notice, and the cestui que trust could claim nothing under his deed, the latter could assert his equity against the purchaser at execution sale. On the other hand, Calvert v. Roche, 59 Tex. 463, seems to hold the contrary doctrine. The ground of the opinion appears to be that, since the deed conveyed the legal title to the cestui que trust, his equity was extinguished, and that, therefore, he could claim neither under the deed nor under his original right. The determination of the point was hardly necessary to a decision of the case, and the question seems not to have received any very serious consideration. This appears by the fact that, while Blankenship v. Douglas is cited in support of another proposition in the opinion, the ruling in that case upon the point under consideration seems to have escaped attention. In Gaines v. National Exch. Bank, 64 Tex. 18, the doctrine seemingly announced in Calvert v. Roche is apparently recognized, but the point was not there decided. We are of opinion that Blankenship v. Douglas lays down the just and logical rule. The statute makes an unrecorded deed void as against such creditors as establish a lien by judicial procedure against the property of the grantor without actual or constructive notice of the grantee's right. A deed that is void as between two parties cannot be held effective as between them for any purpose. If void, it is as if it did not exist. The creditor cannot, in the one breath, claim that it passed no title to the grantee as to him, and in the next, when the gran-

tee asserts an equity existing before the deed, maintain that the equity was extinguished by the void conveyance."

With the exception of Calvert v. Roche, it appears that the rule declared in Blankenship v. Douglas and reaffirmed in John B. Hood Camp v. De Cordova has been consistently followed. Grace v. Wade, 45 Tex. 522; Frazer v. Thatcher, 49 Tex. 26; Senter v. Lambeth, 59 Tex. 259; Parker v. Coop, 60 Tex. 111; McKamey v. Thorp, 61 Tex. 648; Hawkins v. Willard, Tex.Civ. App., 38 S.W. 365; Michael v. Knapp, 4 Tex.Civ.App. 464, 23 S.W. 280; Henderson v. Rushing, 47 Tex.Civ.App. 485, 105 S.W. 840; First State Bank v. Jones, 107 Tex. 623, 183 S.W. 874; Carlisle v. Holland, Tex.Civ.App., 289 S.W. 116; Lusk v. Parmer, Tex.Civ.App., 114 S.W.2d 677; Solether v. Trinity Fire Ins. Co., 124 Tex. 363; 78 S.W.2d 180; Garrison v. Citizens' National Bank, Tex.Civ.App., 25 S.W.2d 231; Cetti v. Wilson, Tex.Civ.App., 168 S.W. 996; Johnson v. Darr, 114 Tex. 516, 272 S.W. 1098.

The judgment of the trial court will be affirmed.