TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00809-CV






W. Toby Tyler, Appellant



v.



Homer R. Perkins and Jean Perkins, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-08472, HONORABLE HUME COFER, JUDGE PRESIDING 







 Homer R. Perkins and Jean Perkins recovered judgment against Victoria M.
Richards, W. Toby Tyler, and Stars End Company for declaratory and other relief. Tyler alone
appeals. We will affirm the judgment.


THE CONTROVERSY


 Richards wished to purchase a house and lot in Austin for renovation and resale. 
She was, however, insolvent. Tyler agreed to fund the purchase and share the profit with
Richards when the house was sold after the purchase and renovation. Tyler did not know then that
the Perkinses had sued Richards for failing to perform a construction contract ("the first suit"). 

 On March 15, 1995, as the first suit neared trial, Richards purchased the house,
receiving a deed of general warranty that named her as the sole grantee. She testified she
intended, however, that the house be conveyed to Stars End. The evidence showed that she was
an incorporator of Stars End, that she served as its president, and that all shares were owned by
her son who was aged nine years at the time. The Perkinses and Tyler stipulated at trial that Stars
End was the Richards's "alter ego".

 Tyler supplied Richards $69,735 for the purchase price of the house and $32,000
for the cost of renovation. The sums were given her in a series of cashier checks made payable
to Richards and Stars End. On the reverse of a check dated April 11 was written, "total 1st lien
as of Apr 11, 95 against 1709 Travis Heights Blvd. incl. purchase, etc. $102,000." The parties
stipulated that Richards and Tyler intended that he should have a lien on the house to secure the
debt owing to him. He did not wish to have the debt and lien evidenced by a promissory note, a
deed of trust, or any other document, however, because he feared a lawsuit by a purchaser based
upon alleged defects in the house.

 Seven days before trial in the first suit, on May 8, 1995, Richards executed and
delivered to her son a quitclaim deed conveying to him her interest in the house. Tyler and the
Perkinses stipulated in the present cause that she did so with the intent to hinder, delay, or defraud
the Perkinses but that Tyler was not party to those purposes. On May 15, 1995, the Perkinses
recovered judgment against Richards in the first suit in the principal amount of $92,940.66. They
recorded an abstract of judgment on June 29, 1995. In the interim, on June 5, 1995, Richards
executed and delivered to Tyler a deed of general warranty conveying the house to him as trustee
for Stars End, notwithstanding her previous quitclaim deed to her son. Tyler and the Perkinses
stipulated in the present cause that this conveyance was also intended to hinder, delay, or defraud
the Perkinses. Tyler, on August 31, 1995, executed a deed of trust as trustee for Stars End, for
himself as beneficiary, securing the debt owed him for advancing the funds to purchase and
renovate the house. 

 After a non-jury trial in the present cause, the trial court adjudged, among other
things, that Tyler's claim to a lien against the house was void and ineffective as to the Perkinses
and inferior to their judgment lien. The court ordered foreclosure of the judgment lien, payment
of the proceeds to satisfy the Perkinses' judgment debt, and delivery of any remaining sum to
Richards and Tyler "as allowed by law." The judgment orders, in addition, that Tyler recover
from Richards $103,000 and other sums.


DISCUSSION AND HOLDINGS


 Tyler contends in a single point of error that the trial court erred in failing to
include his lien in the judgment rendered and in failing to declare his lien superior to the
Perkinses' judgment lien. We overrule the point of error.

 Tyler claims an equitable lien resulting from his transaction with Richards and their
agreement that the property should secure payment of the sums he advanced for its purchase and
renovation. See Bradley v. Straus-Frank Co., 414 S.W.2d 504, 508 (Tex. Civ. App.--Dallas
1967, no writ); see also Barfield v. Henderson, 471 S.W.2d 633, 639 (Tex. Civ. App.--Corpus
Christi 1971, writ ref'd n.r.e.); In re McConnell, 122 B.R. 41, 45 (Bankr. S.D.Tex. 1989). Tyler
argues his prior-in-time equitable lien against the house is superior to the Perkinses' judgment lien
because Richards, the judgment debtor, never held anything but a naked legal title to the house.
See Garrison v. Citizens Nat'l Bank, 25 S.W.2d 231, 232 (Tex. Civ. App.--Waco 1930, writ
ref'd). The Garrison rule that judgment liens are inferior to unrecorded equitable interests does
not, however, exhaust the equitable considerations shown to exist in the present cause.

 The trial court determined in its findings of fact and conclusions of law that Tyler's
purpose in not recording a lien to protect his interest was to avoid any claim that a purchaser of
the house may bring against him, valid or invalid, arising out of his transaction with Richards. 
This determination is amply supported by the evidence. Upon this and other findings of fact, the
trial court rested its conclusion of law that "[t]he courts should not afford equitable lien protection
to a party who intentionally rejects lien protection for the purpose of avoiding possibly valid
claims," and distinguished, on this basis, other decisions in which the "courts have protected
unrecorded equitable liens where both the record owner and the equitable owner intended in good
faith that the equitable owner's interest should be protected."

 These determinations derive basically from the following equitable principle:


Our courts have uniformly held that where one of two persons, equally entitled to
consideration as far as their purposes are concerned, must suffer from the
delinquency of a third, the loss more properly falls upon him, who, having readily
at hand the means of protection, has failed to avail himself of them. Parma v. First
Nat'l Bank of Cameron, Tex. Com. App., 63 S.W.2d 692.



Sackenreuther v. Winston, 137 S.W.2d 93, 97 (Tex. Civ. App.--Galveston 1940, writ ref'd); see
also Hankamer v. Delta L. & I. Corp., 481 S.W.2d 491, 495 (Tex. Civ. App.--Houston [1st
Dist.] 1972, writ ref'd n.r.e.); Luse v. Crispin, 344 S.W.2d 926, 932 (Tex. Civ. App.--Houston
1961, writ ref'd n.r.e.); In re McConnell, 122 B.R. at 46. The principle applies a foritori against
Tyler, whose purposes included the evasion of even valid claims arising from the very transaction
that created the equitable interest for which he claims the protection of equity.

 We hold the trial court did not abuse its discretion in applying the equitable
principle indicated. See Med Ctr. Bank v. Fleetwood, 854 S.W.2d 278, 290 (Tex. App.--Austin
1993, writ denied).

 We also hold the trial court did not abuse its discretion when the court omitted
Tyler's lien from the terms of the judgment. Tyler is protected by the judgment provision
commanding that, after the Perkinses' lien is satisfied, the balance of the amount realized from
foreclosure be paid to him and Richards as "allowed by law," and by the judgment provision
awarding him recovery of $103,000 from Richards. We find no error in the trial court's
conclusion that this is the extent of the protection owed Tyler.

 We overrule the point of error and affirm the judgment.



 

 John Powers, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: January 14, 1999

Do Not Publish

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



ichards and Tyler "as allowed by law." The judgment orders, in addition, that Tyler recover
from Richards $103,000 and other sums.


DISCUSSION AND HOLDINGS


 Tyle