**NORTH EAST INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Myrtle ALDRIDGE, Appellee.**

No. 8526.

Court of Civil Appeals of Texas, Amarillo.

Sept. 30, 1975.

Rehearing Denied Oct. 27, 1975.

**342**

Fieldton, Lamb County, Texas, created by a judgment lien in favor of defendant North East Independent School District, against plaintiff's son, Guy Aldridge. Defendant school district filed a cross action alleging that at the time the abstract of judgment was recorded that Guy Aldridge owned an undivided ½ interest in the lots and seeking foreclosure of its judgment lien against that interest. The trial court entered judgment removing the cloud cast by the judgment lien. Defendant school district appeals. Reversed and rendered.

Myrtle Aldridge holds the interest of W. J. Aldridge, deceased, as devisee under his will.

On January 4, 1965, the school district filed in Lamb County an abstract of an October 5, 1964 judgment against Guy Aldridge. On those dates record title to the lots in question showed an undivided ½ interest in Guy Aldridge and an undivided ½ interest in W. J. and Myrtle Aldridge.

On January 7, 1965, three days after the filing of this abstract of judgment, a deed dated October 27, 1961, from Guy Aldridge to W. J. Aldridge was filed. By this deed Guy Aldridge conveyed to his father by metes and bounds description his undivided ½ interest in 162.6 acres of land in Lamb County. At the trial, Guy Aldridge testified that the 33 lots in question were left out of this deed by mistake. Concerning this transaction, Myrtle Aldridge testified, "We had let him have a lot of money and he deeded that to us to reimburse us."

On May 28, 1970, more than five years after the abstract of judgment against him was filed, Guy Aldridge conveyed the 33 lots to Myrtle Aldridge individually and as independent executrix of the estate of W. J. Aldridge. This deed contained the recitation that it was given because the grantor intended to convey the property by the October 27, 1961 deed and that it was inadvertently deleted. This deed was filed for record June 1, 1970.

Kirby, Ratliff & Sansom (Ted L. Sansom), Littlefield, for appellant.

Hall & Tollett (Thomas E. Tollett), Littlefield, for appellee.

ROBINSON, Justice.

Plaintiff Myrtle Aldridge brought suit to remove a cloud from the title to 33 lots in

■ Article 6627, Vernon's Ann.Civ.St. provides that all unrecorded conveyances of land are void as to creditors without notice. A judgment lien holder is a "creditor" within the meaning of Article 6627. *Bova v. Wyatt,* 140 S.W.2d 601 (Tex.Civ.App.—Galveston 1940, writ ref'd).

■ On the other hand, an equitable title acquired independent of legal title is not subject to or governed by the registration statute and the superiority of such title may be asserted against the creditor even though he had no notice of such equitable title at the time of fixing his lien. Further, equitable title acquired independent of the deed may be asserted against the creditor even though legal title has been conveyed and is not of record at the time the creditor fixes his lien. This is so because in a suit between the grantee in the unrecorded deed and the creditor, the statute requires that such unrecorded deed be treated as void. *Roeser & Pendleton, Inc. v. Stanolind Oil & Gas Co.,* 138 S.W.2d 250, 253 (Tex.Civ.App. —Texarkana 1940, writ ref'd). An equitable title is a right which is available in the statutory action of trespass to try title and should be distinguished from a mere equitable right whereby plaintiff, to show title, must first set aside or reform a deed not absolutely void. *Pegues v. Moss,* 140 S.W.2d 461, 471 (Tex.Civ.App.—El Paso 1940, dism. agr.). See 1 McDonald, Texas Civil Practice § 2.08.1 (1965) and cases cited therein at 195–197.

In the case before us, plaintiff neither pleaded nor offered evidence of equitable title or of any equitable right independent of the October 27, 1961 deed. She contends that at the time the judgment lien attached she had an equitable right to have that unrecorded deed reformed so that it would reflect legal title in her to the land in question.

Assuming, without deciding, that under the facts of this case plaintiff did have an equitable right to reform the October 27, 1961 deed, the question for our determination is whether that right to reformation was an equitable right superior to defendant school district's judgment lien.

■ The applicable rule was stated by *Henderson v. Odessa Building & Finance Co.,* 24 S.W.2d 393 (Tex.Com.App.1930) as follows:

"The failure to convey the lot levied upon by plaintiffs in error through mutual mistake of the parties gave defendant in error an equitable right to have the deed reformed by correction deed or a decree in equity, but, as plaintiffs in error had no knowledge of such equity at the time their levy was made, the lien thereby fixed was superior to defendant in error's right to such reformation."

Following this rule on facts similar to those before us, the court in *United States v. Creamer Industries, Inc.,* 349 F.2d 625 (5th Cir. 1965), cert. denied, 382 U.S. 957, 86 S.Ct. 434, 15 L.Ed.2d 361 (1965) held that a tax assessment lien filed prior to date of a correcting deed conveying lots mistakenly omitted from deeds previously executed had priority over the later deed.

■ We conclude that the judgment lien attached to an undivided ½ interest in the lots in question.

The judgment of the trial court is reversed and judgment is here rendered that plaintiff take nothing and that defendant and cross-plaintiff, North East Independent School District, have foreclosure of its judgment lien as recorded in Vol. 4, p. 135, of the Abstract of Judgment Records of Lamb County, Texas, against an undivided ½ interest in all of Lots Nos. Five (5), Six (6), Seven (7) and Eight (8), in Block No. Eight (8); Lots Nos. Four (4), Five (5), Six (6), Seven (7), Eight (8), and Nine (9), in Block No. Nine (9); Lots Nos. Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11) and Twelve (12), in Block No. Twelve (12); and Lots Nos. Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11) and Twelve (12), in Block No. Thirteen (13); and Lots Nos. Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15),

Sixteen (16), Seventeen (17), and Eighteen (18), in Block No. Fourteen (14), all of the Original Town of Fieldton, Lamb County, Texas, according to the map or plat of said Original Town, recorded in the Deed Records of Lamb County, Texas, lying and being situated in Lamb County, Texas, and for costs of suit. Rule 434, Texas Rules of Civil Procedure.