**Jon Michael JENSEN, Appellant,**

v.

**Margie S. BRYSON, Appellee.**

**No. 9285.**

Court of Civil Appeals of Texas, Amarillo.

April 15, 1981.

Whittenburg, Whittenburg & Schachter, David L. Mullin and Susan L. Burnette, Amarillo, for appellant.

Hudson Moyer, Amarillo, for appellee.

REYNOLDS, Chief Justice.

This appeal from an order temporarily enjoining a sheriff's sale of realty under execution poses this question: is an equitable title to realty vesting before the recordation of a judgment lien given preference over the creditor's rights granted by the recording act? Concluding that it is, we affirm.

The facts developed by the documentary evidence and the testimony are not disputed. In brief, the operative facts are that until 27 August 1980, Terry A. Lomax was the record title owner of Lot No. 5 in Block No. 6, May's Ranches Unit No. 5, an addition to the City of Amarillo, Randall County, Texas. On 20 June 1979, Lomax, as seller, and Margie S. Bryson, as buyer, contracted in writing for his conveyance of the realty to her upon her payment of the cash portion of the purchase price and assumption of the balances on two promissory notes, the payments of which were secured by two deed of trust liens on the realty. Mrs. Bryson took possession of the premises about the first of July, 1979, and, through the tenancy of her sons, has continued in possession. She fully performed her obligations under the written contract not later than 10 December 1979, but Lomax could not be located to execute the deed he was contractually bound to furnish.

Thereafter on 27 March 1980, Jon Michael Jensen obtained a judgment against Lomax for $9,652.80. An abstract of the judgment was recorded in Randall County on 29 April 1980, and a writ of execution was issued on 19 June 1980. Nine days later, W. C. Longest, Sheriff of Randall County, levied the execution on the realty. He posted notice dated 1 August 1980 that the realty would be sold on 2 September 1980.

Subsequent to the levy, Lomax was located and, on 14 July 1980, executed a warranty deed conveying the realty to Mrs. Bryson. The deed, filed for record 26 August 1980, was recorded on 27 August 1980.

On the day the deed was filed for record, Mrs. Bryson instituted the suit underlying this appeal against Sheriff Longest. She alleged that she, not Lomax, was vested with fee simple title by her deed, and that there was a complete performance of the written contract for her purchase of the realty from Lomax, as well as her possession of the premises, prior to the date of Jensen's judgment. The relief Mrs. Bryson sought was to temporarily restrain without notice, and to temporarily enjoin after notice and hearing, the sheriff's sale of the realty.

The court temporarily restrained the sale without notice, setting a hearing on the plea for a temporary injunction for 5 September 1980. On the day before the hearing, Jensen intervened, alleging his entitlement, by virtue of his judgment lien, to have his judgment enforced by the sheriff's sale, and praying that Mrs. Bryson be denied all relief.

After hearing the evidence, the court ordered the issuance of a writ of temporary injunction, enjoining the sheriff's sale pending a hearing on the merits. Jensen brings this appeal from that order.

Our review of the granting of this writ of temporary injunction is strictly limited to determining whether the court abused its discretion. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). There is no abuse of discretion if the court applied the law to the undisputed facts. *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961).

To merit the writ of temporary injunction, Mrs. Bryson only needed to show her probable right of recovery and her probable injury if the writ is not granted; she was not required to evidence that she will prevail on a final hearing. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). Jensen concedes the showing of a probable injury, but he contends that Mrs. Bryson failed to demonstrate a probable right of recovery. She failed, he submits, because Texas Revised Civil Statutes Annotated art. 6627 (Vernon Supp.1980–1981) establishes the superiority of his judgment lien over Mrs. Bryson's claim arising from the unrecorded contract of sale, which is governed by the statute. We do not agree.

Article 6627 is one of a series of recording acts. The statute, as it is pertinent to the question posed, reads:

All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years ... shall be void as to all creditors and subse-

quent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law . . . .

■ The statute partially abrogates the common law rule that a lien creditor is confined to the interest of his debtor in the land at the time of levy; but, because the statute is a legislative creation in derogation of the common law and equitable principles, its application is limited to its exact words. *Johnson v. Darr,* 114 Tex. 516, 272 S.W. 1098, 1099 (1925). The statutory word "creditors" has been construed to include a judgment lien holder, *N. E. Independent School Dist. v. Aldridge,* 528 S.W.2d 341, 343 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.); yet, for the creditor's lien to prevail over an unrecorded instrument upon which the statute operates, the creditor must be without notice of such unrecorded instrument. *Paris Grocer Co. v. Burks,* 101 Tex. 106, 105 S.W. 174, 175 (1907). In this connection, an open, exclusive and visible possession of the premises by others than the debtor is notice of the right under which it is held. *Id.* And with respect to the question before us, the statute, by its very language, highlighted by the reference to acknowledgment or proof for recordation, operates only on some writing passing an interest in land. Thus, the statute has no application to or effect on an unrecordable interest in land, particularly one which arises by operation of law. *Johnson v. Darr, supra,* at 1099–1100.

■ Consequently and contrary to Jensen's view, the written contract between Lomax and Mrs. Bryson is not governed by Article 6627. The contract is not a bargain, sale or other conveyance which passed an interest in the realty; it merely outlined the agreed conditions for the future passing of Lomax's interest in the realty to Mrs. Bryson. *Compare Federal Life Ins. Co. v. Martin,* 157 S.W.2d 149, 152 (Tex.Civ.App.—Texarkana 1941, writ ref'd).

■ Notwithstanding the facts that the contract did not pass any interest in the realty and that Mrs. Bryson's deed was not recorded until after Jensen's judgment lien was of record, there are two reasons why, on this record, Jensen is not protected by Article 6627. When Mrs. Bryson fully performed under the contract before Jensen's judgment lien was recorded, she became vested with an equitable title to the realty superior to that of Lomax's legal title. *Magee v. Young,* 145 Tex. 485, 198 S.W.2d 883, 886 (1947); *Johnson v. Wood,* 138 Tex. 106, 157 S.W.2d 146, 148 (1941). Her equitable title existed by operation of law, independent of the deed Lomax executed after the inception of Jensen's judgment lien, and she could have enforced her title even had Lomax not executed the deed. *Johnson v. Darr, supra,* at 1100. Mrs. Bryson's equitable title was not subject to registration, *Cetti v. Wilson,* 168 S.W. 996, 997–98 (Tex. Civ.App.—Fort Worth 1914, writ ref'd); hence, her title does not come within the operation of the recording statute with respect to the rights of creditors. *Blankenship v. Douglas,* 26 Tex. 225, 229 (1862). *Accord, Roeser & Pendleton v. Stanolind Oil & Gas Co.,* 138 S.W.2d 250, 253 (Tex.Civ. App.—Texarkana 1940, writ ref'd). In short, Mrs. Bryson's equitable title acquired independent of the later deed could be, as it was in this cause, asserted against Jensen, even though he had no notice of her equitable title at the time his judgment lien was recorded. *N. E. Independent School Dist. v. Aldridge, supra,* at 343.

■ Beyond that, at the time Jensen recorded his judgment lien, the undisputed fact of Mrs. Bryson's possession of the premises imparted notice of the equitable title under which she held the realty. *Paris Grocer Co. v. Burks, supra,* at 175. Therefore, Jensen, charged with notice, does not qualify for the statutory preference accorded a creditor without notice, *Id.,* and his judgment lien did not operate as a lien on the realty. *Dixon v. McNeese,* 152 S.W. 675, 676 (Tex.Civ.App.-San Antonio 1913, writ ref'd).

■ Accordingly, by virtue of the common law rule, Jensen's judgment lien extended only to such interest as his debtor,

Lomax, had in the realty at the time. *First State Bank v. Jones*, 107 Tex. 623, 183 S.W. 874, 876 (1916). Lomax merely held the bare legal title and Jensen's lien did not attach to Mrs. Bryson's equitable title. *Payne v. Bracken*, 131 Tex. 394, 115 S.W.2d 903, 904–05 (1938); *Hammett v. McIntire*, 365 S.W.2d 844, 847 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.).

Still, Jensen relies on cases which, he represents, dictate the superiority of his judgment lien. However, a careful analysis of those decisions, briefly noted below, reveals no conflict with the conclusions we have reached in this cause.

In *TPEA No. 5 Credit Union v. Solis*, 605 S.W.2d 381 (Tex.Civ.App.—Waco 1980, no writ), the statute operated to protect the judgment creditor because the buyer, Solis, received a deed, which was never recorded, at the time he paid the purchase price and, thereby, no equitable title came into existence by operation of law and independent of the deed. Similarly, in *N. E. Independent School Dist. v. Aldridge, supra*, the statute applied because Mrs. Aldridge, as we were careful to note, "neither pleaded nor offered evidence of equitable title or of any equitable right independent of the . . . deed." 528 S.W.2d at 343. In *Solis*, there was a specific finding that the creditor was without notice of the prior unrecorded deed; in *Aldridge*, there is the apparent concession that the creditor lacked notice of both the prior unrecorded deed and Mrs. Aldridge's claim of a right to have the deed reformed to include the realty subjected to the creditor's lien.

*Grace v. Wade*, 45 Tex. 522 (1876), concerned an unrecorded title bond which, by statute, was embraced by the recording act, a forerunner of Article 6627. Because the title bond was equated with a deed, the unrecorded title bond was void as to a creditor who had no notice of it. The rule, of course, has no application to an equitable title which is not within the operation of the statute. *Calvert v. Roche*, 59 Tex. 463, 464 (1883).

The recording act was not a factor affecting the decision in *Federal Life Ins. Co. v.*

*Martin*, 157 S.W.2d 149 (Tex.Civ.App.—Texarkana 1941, writ ref'd). In *Martin*, the innocent purchaser of land prevailed over the owners of the superior equitable title, not by influence of the recording act but by estoppel. *Compare Johnson v. Darr, supra*, at 1101 (holding that bona fide purchasers for value are protected against the assertion of equitable titles because of the doctrine of estoppel, and not the registration statutes).

 It follows that Mrs. Bryson, by showing her probable right of recovery through an equitable title superior to Jensen's judgment lien and her probable injury, was entitled to the writ of temporary injunction. *Hawkins v. Willard*, 38 S.W. 365, 366 (Tex.Civ.App.—1896, no writ). By applying the law to the undisputed facts, the court did not abuse its discretion in granting the writ.

The judgment is affirmed.