**A.H.L. PROPERTIES NUMBER ONE, Appellant,**

v.

**CENTRAL BANK OF HOUSTON, et al., Appellee.**

**No. C2948.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1983.

Henry J. Kaim, Sheinfeld, Maley & Kay, Houston, for appellant.

William C. Boyd, Patterson, Boyd, Lowery & Aderholt, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Appeal is brought from an order of the trial court denying appellant's application for temporary injunction. Appellant (AHL) filed suit against Central Bank of Houston and Constable Walter H. Rankin, seeking to remove cloud on title to certain real property, and to enjoin the constable's sale of property located at 2737 Buffalo Speedway in the City of Houston. Following the trial court's refusal to issue a temporary injunction, appellant perfected appeal to this court and successfully petitioned this court, pursuant to Tex.Rev.Civ. Stat. Ann. art. 1823 (Vernon 1964), for an injunction staying any sale pending this appeal.

In a single point of error, appellant urges that the trial court abused its discretion in denying appellant's application for temporary injunction. We agree and accordingly reverse the judgment of the trial court.

Appellant is a general partnership consisting of three members: Aylin, Hoff and Laguarta. Appellee bank is a judgment creditor of Hoff.

The principal contention advanced by appellant is that the partnership holds equitable title to the property, with only bare legal title vested in Hoff and Laguarta individually. In 1968, Hoff assigned all of his partnership interest to Laguarta; the record contains a judgment, signed in 1976, against Hoff and third parties. AHL contends that it is a stranger to the judgment in favor of the bank against Hoff individually. The bank alleges that the instrument conveying Hoff's partnership interest to Laguarta was not recorded and is thus void as to the bank under Tex.Rev.Civ.Stat.Ann. art. 6627 (Vernon Supp.1982).

The issue presented for consideration in this appeal is whether the trial court abused its discretion in refusing to issue the temporary injunction. Determinative of this matter is whether the undisputed facts established a prima facie case showing superior equitable title to be in A.H.L. Properties Number One; if so, an injunction should have been issued, for if Hoff in fact holds only the bare legal title to the property, he had no interest in the property on which the bank could levy, and any such sale would only result in a cloud upon AHL's title. *Hereford Land Co. v. Globe Industries, Inc.,* 387 S.W.2d 771 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.).

The evidence adduced at the hearing on the temporary injunction shows that A.H.L. Properties Number One was a general partnership organized in 1963. AHL consisted of three partners, Aylin, Hoff and Laguarta; the articles of partnership state that the purpose of the partnership "is to carry

on the business of owning, building upon ... renting, leasing, managing and otherwise dealing with real property ... particularly [the Buffalo Speedway property]."

The record contains a general warranty deed, dated May 15, 1963, wherein Robert B. Baldwin and Margie Shoemake Baldwin Carpenter conveyed to "AHL Properties No. 1., a partnership" the tract of land in question. Additionally, the record contains a "correction" deed, also dated May 15, 1963, from the same grantors, conveying the same Buffalo Speedway land to Julio Laguarta and William B. Hoff. Laguarta testified that the mortgage company required that title to the encumbered property be taken in Hoff and Laguarta's individual names. There is no dispute that since its inception, the partnership has maintained insurance coverage on the property, leased the property and received all rentals therefrom, and has paid the mortgage, upkeep expenses and taxes on the property. AHL's partnership income tax returns for 1964 through 1980 contain depreciation schedules on the parcel of land.

Appellee places great emphasis on the correction deed which names Hoff and Laguarta as grantees but contains no indication that they took title for the benefit of the partnership. However, the articles of partnership direct "Hoff and Laguarta, at their sole expense ... to obtain and complete all loan commitments and other arrangements necessary to finance the purchase of [the Buffalo Speedway] property...."

Without addressing the merits of the case, we hold the evidence was sufficient to demonstrate a prima facie showing of equitable title in appellant vesting before recordation of Central Bank's judgment lien against Hoff. Having thus shown a probable right of recovery and probable injury, appellant was entitled to the temporary injunction to preserve the status quo with respect to the property pending trial on the merits. *Jensen v. Bryson*, 614 S.W.2d 930 (Tex.Civ.App.—Amarillo 1981, no writ).

Being of the opinion that the trial court abused its discretion in applying the law to the undisputed facts, we reverse the judg-

ment with instructions to order the issuance of a temporary injunction.