GIBRALTAR SAVINGS ASSOCIATION
and First City Bank of Northline,
Appellants,

v.

J.D. MARTIN III, Appellee.

No. 07–89–0052–CV.

Court of Appeals of Texas,
Amarillo.

Jan. 31, 1990.
Rehearing Denied Feb. 27, 1990.

Liddell, Sapp, Zivley, Hill & LaBoon, James W. Paulsen, Sewell & Riggs, Geoffrey H. Bracken, Houston, for appellants.

Ronald J. Christopher, Houston, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellants First Gibraltar Bank, FSB (Gibraltar), assignee of the Federal Savings & Loan Insurance Corporation (FSLIC) in its capacity as receiver for Gibraltar Savings Association, and First City Bank of Northline (First City), bring this appeal from a summary judgment in favor of appellee J.D. Martin, III (Martin). We reverse the judgment and remand for trial on the merits.

The following facts are uncontroverted. On September 7, 1979, Martin acquired the property here in question from M.V. Davis and Joanne R. Stover. In that instrument, a vendor's lien was retained to secure a note in the original principal sum of $180,-000 payable to Davis and Stover. The note was additionally secured by a deed of trust. In addition to the customary provisions in such deeds of trust, the instrument contained a typewritten addendum providing as follows:

> Grantors shall not sell, mortgage or otherwise dispose of or encumber the hereinabove described real property, or any part thereof or any interest therein, without the prior written consent of Beneficiary, which consent shall not be unreasonably withheld.

On November 16, 1981, Martin conveyed to Charles Floyd (Floyd) what was denominated as a "one-half (½) undivided interest of the Grantor" in the instant property. The consideration was expressed as ten dollars and other good and valuable consideration and "the further consideration of the assumption of one-half the liabilities" of the $180,000 note. This deed was recorded on November 24, 1981.

By deed dated November 23, 1981, Floyd reconveyed to Martin "one-half (½) undivided interest of the Grantor." The consideration was described in the same language as that used in the deed to Floyd from Martin. This deed, however, was not recorded until October 30, 1987.

On September 15, 1986, Gibraltar filed its abstract of a $200,000 judgment against

Floyd. On November 10, 1986, First City filed its abstract of a $17,185.45 judgment against Floyd. At all relevant times, the premises were occupied by Superior Tire & Rubber, Inc. under a lease from Martin. No written consent to the conveyance from Martin to Floyd was ever executed by the payees of the $180,000 note.

The question presented to us, of course, is whether the trial court was correct in rendering its summary judgment that the abstracts of judgment did not "attach to, encumber or create a lien or cloud on" Martin's title to the property in question. In arguing that the trial court erred, Gibraltar raises three points of error and First City raises one point of error. Gibraltar contends the trial court erred because (1) as a matter of law, Gibraltar's and First City's judgment liens are superior to Martin's unrecorded deed; (2) as a matter of law, the language of the unrecorded deed operated only to pass a one-fourth interest to Martin; and (3) in the alternative, the trial court erred in granting the summary judgment because unresolved issues of fact remain. In one point, First City says the trial court erred because, as a matter of law, Martin's unrecorded deed is void as against First City's judgment lien.

■ It is now axiomatic that a summary judgment is sustainable only if the movant has conclusively established that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Trial and appellate courts must resolve all doubts about the existence of a genuine issue as to a material fact against the movant. The evidence must be viewed in a light most favorable to the non-movant, conflicts in the evidence are ignored and the evidence which tends to support the position of the non-movant is accepted as true. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965); Tex.R.Civ.P. 166–A. The summary judgment evidence must be in a form admissible at a conventional trial and must state facts, not subjective opinions and conclusions. *Cox v. BancOklahoma Agri–Service Corp.*, 641 S.W.2d

400, 402 (Tex.App.—Amarillo 1982, no writ).

■ Texas Property Code section 52.001 (Vernon Supp.1990) with certain limited exceptions not applicable here, provides that an abstract of judgment, upon recordation, becomes a lien upon real property of the defendant located in the county in which the abstract is filed and indexed. Texas Property Code 13.001(a) (Vernon 1990) provides:

(a) A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.

This statute, through various transmutations in enumeration, has been a part of our jurisprudence since before Texas was a state. All of the transmutations of the statute are so similar in all material respects to the present one as to make decisions under those predecessors relevant to section 13.001(a).

In an early explication of the statute, the Supreme Court in *Grace v. Wade & Mains,* 45 Tex. 522, 526 (1876) pointed out:

[t]he statute in plain and unmistakable language, says that unrecorded conveyances, whether by deed or bond, are void as to two classes of persons, viz., "all creditors" and "subsequent purchasers for valuable consideration and without notice." Now, it will be noted that there is a marked distinction between these two classes of persons for whose benefit the statute was enacted; for while such unrecorded instruments are void as to "all creditors," they are only (void) as to "purchasers for a valuable consideration and without notice."

*See also Reserve Petroleum Co. v. Hutcheson,* 254 S.W.2d 802, 805 (Tex.Civ.App.— Amarillo 1952, writ ref'd n.r.e.).

In *Paris Grocer Co. v. Burks,* 101 Tex. 106, 105 S.W. 174, 175 (1907), in additional explication, the court pointed out that the right of the creditor is purely statutory, and required nothing but the concurrence of the conditions required by the statute to make it complete. In that connection the court emphasized:

The statute by its terms makes void the unrecorded deed as against "all creditors," but the courts hold this to mean all creditors who have acquired liens without notice of the deed. When these elements exist the right of the creditor is perfect in law, and no considerations of equity or questions of estoppel enter into the case. It is wholly immaterial whether the creditor has ever examined the records as to the title of his debtor or not, since a deed of the property executed by the latter is by the statute made void as against the lien of the former, unless he is affected with notice. It is equally well settled, however, that an open, exclusive, and visible possession, maintained by the holder of the unrecorded deed when the right of the creditor attaches, is notice of the right under which it is held. This is so, for the reason that one who seeks to acquire an interest in or with respect to land is expected, in the exercise of common prudence, to learn of a possession held by others than him whose rights he purposes to acquire, and to make inquiry of the possessor as to the nature of the claim under which he holds. *Watkins v. Edwards,* 23 Tex. 443; *Mullins v. Wimberly,* 50 Tex. 464. Having such opportunities, of which prudence dictates that he shall avail himself, one who has omitted to do so will not be heard to deny that he had notice of a fact of the existence of which he was thus put upon inquiry. But the fundamental fact essential to the application of this doctrine is that of a possession visibly that of some one who is not the person with whom the purchaser or creditor purposes to deal.

*Id.* The statute partially abrogates the common law rule that a lien creditor is confined to the interest of his debtor in the land at the time of levy. *Johnson v. Darr,* 114 Tex. 516, 272 S.W. 1098, 1099 (1925); *Jensen v. Bryson,* 614 S.W.2d 930, 933 (Tex.Civ.App.—Amarillo 1981, no writ).

The term creditor, as used in the statute, includes a judgment creditor. *N.E. Independent School Dist. v. Aldridge,* 528 S.W.2d 341, 343 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.); *McDonald v. Powell Lumber Co.,* 243 S.W.2d 192, 195 (Tex. Civ.App.—Beaumont 1951, writ ref'd). An unrecorded deed is clearly within the purview of the statute. *Texas American Bank/Levelland v. Resendez,* 706 S.W.2d 343, 346 (Tex.App.—Amarillo 1986, no writ).

It is also established that an equitable title acquired independent of legal title, is not subject to or governed by the registration statute and the superiority of such a title may be asserted against a judgment lien holder even though he had no notice of the equitable title at the time of fixing his lien. *Texas American Bank/Levelland v. Resendez,* 706 S.W.2d at 347. This Court has applied this rule in several instances where the instrument in controversy was an installment payment purchase contract agreement. *See Texas American Bank/Levelland, supra;* and *Jensen v. Bryson, supra.*

However, "equitable title" within the purview of that rule is a present right to the legal title which is available in a statutory action of trespass to try title and must be distinguished from a mere equitable right in which a plaintiff, to show title, must first set aside or reform a deed not absolutely void. *N.E. Independent School Dist. v. Aldridge,* 528 S.W.2d at 343; *Pegues v. Moss,* 140 S.W.2d 461, 471 (Tex.Civ. App.—El Paso 1940, writ dism'd by agr.). For example, in *Henderson v. Odessa Building & Finance Co.,* 24 S.W.2d 393, 394 (Tex.Comm'n App., opinion adopted), *reh'g overruled,* 27 S.W.2d 144 (1930), the court stated in a case involving an abstract of judgment:

> The failure to convey the lot levied upon by plaintiffs in error through mutual mistake of the parties gave defendant in error an equitable right to have the deed reformed by correction deed or a decree in equity, but as plaintiffs in error had no knowledge of such equity at the time their levy was made, the lien thereby

fixed was superior to defendant in error's right to such reformations.
*See also Benham v. Benham,* 726 S.W.2d 618, 622 (Tex.App.—Amarillo 1987, writ ref'd n.r.e.) and *Tompkins v. Holman,* 537 S.W.2d 98, 99 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.).

Summarized, then, the above authorities establish that the lien of a judgment creditor takes precedence over a prior unrecorded deed executed by the judgment debtor, unless the creditor has notice of the unrecorded deed at or before the time the lien was fixed on the land. The creditor has no duty to examine the records as to the title of his debtor, since the debtor's deed is void as to him, and he is not, therefore, charged with notice of unadjudicated equitable rights existing between the debtor and the grantee in the unrecorded deed. Possession of the premises may be sufficient to defeat the lien but such possession, in the words of the court in the *Paris Grocer Co.* case, "must be open and visible and unequivocal, meaning that it must be openly, visibly and unequivocally that of the claimant under the unrecorded instrument." *Paris Grocer Co. v. Burks,* 105 S.W. at 175. The lien given by the statute may also be defeated by an outstanding equitable title which is a title presently available in a trespass to try title action.

In an effort to support the trial court judgment, appellee asserts that appellants were charged with notice sufficient to defeat their lien. That notice, he argues, arose because appellants were charged with notice of the noncompliance of the that the consent provision of the 1979 deed of trust with knowledge of the consideration recited in the deed to Floyd and with notice of Martin's equitable lien by virtue of Floyd's failure to fulfill the assumption agreement which was a part of that consideration. We disagree.

As creditors, appellants were not charged with the obligation to examine the records as to Floyd's title. *Id.* Therefore, that type of constructive notice of unadjudicated equitable rights is not the type of notice sufficient to defeat a creditor's lien

which the courts have engrated upon the recordation statute. Moreover, even viewed most favorably to appellee, those assertions only show the possibility of equitable rights requiring court action to establish their validity. They do not equate with the type of instruments considered by us in *Texas American Bank/Levelland, supra;* and *Jensen v. Bryson, supra,* which gave rise to equitable title not subject to the recordation statute.

■ Martin also argues that appellants had notice of his claim of interest because the Superior Tire & Rubber, Inc. was using and occupying the premises under a lease from him. Again, we disagree. The burden of proving notice is upon the party claiming through the unrecorded instruments. *Segrest v. Hale,* 164 S.W.2d 793, 794 (Tex.Civ.App.—Galveston 1941, writ ref'd w.o.m.). Possession sufficient to give the requisite notice must be "open and visible and unequivocal, meaning that it must be openly, visibly, and unequivocally that of the claimant under the recorded instrument." *Paris Grocer Co. v. Burks,* 105 S.W. at 175.

■ Assuming, arguendo, that appellants are charged with notice that Martin leased the property to Superior Tire, that notice is not sufficient. On the day appellants' liens were recorded, the public records showed Martin and Floyd as tenants in common. Possession by one co-tenant, or by one claiming under a co-tenant, is not sufficient to give notice of a claim by that co-tenant adverse to the interest of the other co-tenant. *Phillipson v. Flynn,* 83 Tex. 580, 19 S.W. 136, 138 (1892); *Triangle Supply Co. v. Fletcher,* 408 S.W.2d 765, 768 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e.); *Harris v. Strawbridge,* 330 S.W.2d 911, 920 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.).

In sum, the first points of both appellants Gibraltar and First City are sustained. That holding obviates the necessity for discussing Gibraltar's second and third points. The judgment of the trial court is reversed and the cause remanded to the trial court.