PARK CENTRAL BANK OF
DALLAS, Appellant,

v.

JHJ INVESTMENTS CO. OF LITTLE
ELM, a Texas General Partnership,
Appellee.

No. 2–91–250–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 12, 1992.

Canterbury, Stuber, Elder & Gooch, and Charles W. Stuber, Patricia L. Stein, Dallas, for appellant.

Godwin, Carlton & Maxwell, P.C., and Harvey G. Joseph, John A. Koepke, Dallas, for appellee.

Before HILL and FARRIS, JJ., and ASHWORTH, J. (Retired).

## OPINION

FARRIS, Justice.

Park Central Bank of Dallas (the Bank) appeals the trial court's judgment declaring the Bank has no right, title or interest in and to a particular piece of property at issue; ordering the Bank to execute and record a warranty deed conveying all of its right, title and interest to JHJ Investments Co. of Little Elm (JHJ), appellee; declaring the sheriff's deed issued in favor of the Bank be rendered null and void; and ordering judgment for reasonable and necessary attorneys' fees and expenses in favor of JHJ. The Bank's sole point of error argues that its judgment lien was superior as a matter of law to any equitable interest JHJ may have acquired. We overrule the Bank's point of error and affirm because JHJ had equitable title which was superior to the Bank's judgment lien on the property.

The trial was to the court on agreed statement of facts pursuant to Tex.R.Civ.P. 263; therefore, the facts are undisputed. On October 27, 1978 and November 27, 1978, James H. Jones purchased two tracts of real property from Olivia Marion by warranty deeds which were filed in the real property records of Denton County, Texas on October 27, 1978 and December 23, 1978 respectively. On December 1, 1978 JHJ

Investments Company of Little Elm, a general partnership, was formed. During the same month, the partnership requested its attorney draft a deed to transfer the property from Jones to JHJ. Thereafter, JHJ made the payments specified in the vendor's lien and paid the ad valorem taxes on the property, as well as paying the maintenance expenses. JHJ paid off the lien to Olivia Marion. JHJ assessed each partner his pro rata share of the expenses in connection with the property. In addition, each partner received the appropriate federal income tax form from JHJ and all payments in connection with the property were made from a bank account in the name of JHJ.

On November 3, 1988 the Bank obtained a judgment in the amount of $867,498.88 plus interest against Jones. The Bank filed an abstract of judgment against Jones on November 10, 1988. The Bank then filed a notice of sheriff's sale on September 12, 1989 stating the property would be sold on November 7, 1989 to satisfy the judgment against Jones. Upon receipt of the notice, Jones had the real property records checked and found that the property had never been transferred to JHJ as was requested in December 1978. On October 11, 1989 Jones deeded the property to JHJ and had the special warranty deeds recorded.

JHJ then filed suit on November 7, 1989 seeking a temporary restraining order enjoining the Bank from conducting the sheriff's sale. The temporary restraining order was issued and the court ordered JHJ to post a cash bond and set the hearing on the temporary injunction. JHJ failed to post the required bond and no hearing was held. JHJ then filed a notice of lis pendens against both tracts of the property. The Bank again noticed a sheriff's sale set for January 2, 1990, and in accord with such notice, the Bank purchased both tracts and recorded the sheriff's deed. The Bank has held legal title to the property since that date and has paid all ad valorem taxes and maintenance costs associated with the property.

The Bank's argument is based upon four premises: (1) the Bank, as a judgment lien-holder, is a creditor within the purview of section 13.001(a) of the Property Code; (2) the Bank had no notice of JHJ's interest in the property at or before the Bank's judgment lien attached; (3) the Bank is not charged with notice of unadjudicated equitable rights existing between Jones and JHJ in unrecorded and unexecuted instruments; and (4) JHJ did not acquire equitable title to the property, but merely an equitable right to have the deed to Jones reformed or to obtain a decree in equity which equitable right was inferior to the Bank's judgment lien.

■ Although the Bank is correct in its assertion that it is a creditor within the purview of section 13.001 of the Property Code, that section is inapplicable to the present case. Section 13.001 provides:

A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.

TEX.PROP.CODE ANN. § 13.001(a) (Vernon Supp.1992). This section applies only to an instrument which conveys an interest in writing. *Texas American Bank/Levelland v. Resendez*, 706 S.W.2d 343, 345 (Tex.App.—Amarillo 1986, no writ). The title which JHJ acquired was an equitable one in which there was no written conveyance.

Although there are no cases with facts which are identical to the present case, there are cases sufficiently similar which hold that an equitable title may be asserted against a judgment lien creditor. *E.g.*, *Resendez*, 706 S.W.2d at 345–46; *Roeser & Pendleton, Inc. v. Stanolind Oil & Gas Co.*, 138 S.W.2d 250, 253 (Tex.Civ.App.—Texarkana 1940, writ ref'd). The *Resendez* decision involved the question of who held title between a judgment creditor, whose lien attached prior to one who claimed title pursuant to a purchase through a contract for deed. *Resendez*, 706 S.W.2d at 344–45. The court held that section 13.001 of the Property Code was inapplicable because it

pertained to instruments in writing which conveyed an interest in land, and a contract for deed was merely an executory contract for the sale of land and as such passed no interest in realty. *Id.* at 345. Until a purchaser performs under a contract for deed, he owns merely an equitable right. In *Resendez* the appellees had fulfilled their obligation under the contract on November 10, 1983. The appellants obtained a judgment and filed the abstract on February 22, 1984. *Id.* The appellees then obtained deeds from the grantor which were filed on May 11, 1984.

The judgment creditor argued, as does the Bank, that because they had no notice that appellees had any interest in the property, their lien took precedence over the prior unrecorded deed pursuant to section 13.001 of the Property Code. *Id.* The court disagreed and held that an unrecorded deed was not at issue because the contract for deed conveyed an equitable right in the realty which ripened into equitable title superior to that of their grantors when the last installment was paid. *Id.* at 346. The equitable title represented a present right on the part of appellees to legal title to the land, which equitable title was not subject to registration. *Id.* The court reasoned the result was well founded in previous cases which held that "courts 'will protect the equitable rights of third persons against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate.'" *Id.* at 345. The court went on to quote from a previous decision referring to the judgment lienholder:

> If his lien fails to attach, he loses nothing. His judgment still remains unimpaired in its full amount. In such a case, even though the owner of the land has been negligent in failing to provide a correct record notice of his title, still his negligence has not resulted in injury to the judgment creditor. [Citation omitted].

*Id.* at 346.

Likewise, in the case before us JHJ obtained equitable title to the property by virtue of its paying the consideration for the property. *See Jewell v. Jewell,* 602 S.W.2d 315, 317 (Tex.Civ.App.—Texarkana 1980, no writ) (court of equity may impose resulting trust in favor of partnership under doctrine of equitable conversion on property purchased with partnership funds with record title in name of one partner); *see also Ray v. Peters,* 422 S.W.2d 615, 616 (Tex.Civ.App.—Waco 1967, no writ). Therefore, JHJ has the right to assert its equitable title, which was not subject to the registration statute, against the Bank, and as noted in *Resendez,* the Bank has lost nothing but the right to levy on this particular piece of property and still has a judgment which is in full force and effect. The issue of the Bank's lack of notice as to the equitable title of JHJ is simply not relevant to the disposition of this case. The Bank's point of error is overruled.

The judgment of the trial court is affirmed.