TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00071-CV






Arthur Gaona, Appellant



v.



Rodolfo V. Gonzales, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-97-0417-C, HONORABLE DICK ALCALA, JUDGE PRESIDING 






 We consider in this appeal whether the equitable rights of one who has contracted
to buy real property prevail over a judgment lien placed on the property by a creditor of the seller. 
Appellee Rodolfo Gonzales obtained a summary judgment ordering the foreclosure of his lien on
land appellant Arthur Gaona had contracted to buy. We will reverse the judgment and remand the
cause.

 In his sole issue on appeal, Gaona contends that the trial court erred in rendering
summary judgment. As the movant for summary judgment, Gonzales was required to show that no
genuine issue of material fact existed and that he was entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c). To determine whether summary judgment was proper, we review the evidence
in the light most favorable to Gaona, taking all evidence in Gaona's favor as true and resolving all
doubts as to the existence of a genuine issue of material fact in his favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 The land in dispute is an undivided one-half interest in three lots in the city of San
Angelo. The summary-judgment evidence shows that on December 17, 1991, in Harris County,
Rodolfo Gonzales recovered a judgment against Rachel Gonzales. Rachel at that time owned an
undivided one-half interest in the three lots. On January 27, 1995, Gaona made an initial payment
of $5000 on Rachel's interest in the property, and he made subsequent payments to Rachel on
terms agreed to between them. On June 7, 1995, Rodolfo recorded an abstract of his judgment
in the real property records of Tom Green County. Rachel and Gaona formalized their agreement
concerning the property on August 15, 1995, by executing a promissory note. The note recites
that Gaona will pay Rachel the principal amount of $70,000, $15,000 of which he has already
paid, in return for Rachel's conveying a warranty deed to the undivided one-half interest in the
three lots. On April 25, 1996, Rachel executed to Gaona a warranty deed to the property,
retaining a vendor's lien. The deed was recorded in the real property records of Tom Green
County on May 28, 1996.

 Relying on the existence of his judgment lien and the later deed to Gaona, Rodolfo
sued Gaona for judicial foreclosure of his lien against the property. Rodolfo moved for summary
judgment on the ground that Rachel owned the property when his lien arose and that Gaona
afterward acquired the property subject to Rodolfo's lien. In response to the motion, Gaona
denied that Rachel owned the property when Rodolfo recorded his abstract of judgment and
asserted that he acquired the property in January 1995. Rodolfo replied that any conveyance to
Gaona that preceded the deed is void as to Rodolfo, a judgment creditor, unless the conveyance
was properly recorded. The trial court rendered summary judgment for Rodolfo, ordering
foreclosure of the lien and sale of the property, without stating its grounds. On appeal, Gaona
argues that the rights he acquired in the property before Rodolfo recorded the abstract of judgment
are superior to Rodolfo's judgment lien.

 When Rodolfo recorded the abstract of judgment, his judgment lien attached to all
Rachel's real property in Tom Green County. Tex. Prop. Code Ann. § 52.001 (West 1995). We
must therefore determine the parties' rights in the property on the date of recording, June 7, 1995. 
Under the common law, the lien of a judgment creditor attaches only to the interest in the land
actually owned by the debtor. First State Bank v. Jones, 183 S.W. 874, 876 (Tex. 1916). A
judgment creditor does not enjoy the status of an innocent purchaser for value without notice
because, if his judgment lien fails to attach, his judgment remains unimpaired in its full amount
and he has lost nothing. Id.; Texas Am. Bank/Levelland v. Resendez, 706 S.W.2d 343, 346 (Tex.
App.--Amarillo 1986, no writ). In partial abrogation of the common law, the recording statute
provides that an unrecorded conveyance of real property is void as to a judgment creditor without
notice. (1) Tex. Prop. Code Ann. § 13.001(a) (West Supp. 1999); Resendez, 706 S.W.2d at 345. 
Because it is in derogation of common law and equitable principles, the recording statute must be
strictly construed. Johnson v. Darr, 272 S.W. 1098, 1099 (Tex. 1925); Resendez, 706 S.W.2d
at 345.

 By its terms, the recording statute operates only on writings that convey an interest
in land. Park Central Bank v. JHJ Invs. Co., 835 S.W.2d 813, 814 (Tex. App.--Fort Worth
1992, no writ); see Darr, 272 S.W. at 1099. Gaona's summary-judgment evidence presents the
existence of an agreement he made with Rachel in January 1995, pursuant to which he began
making payments to acquire her undivided one-half interest in the land. Such an agreement was
not a conveyance of the land, but merely an executory contract to convey it. Federal Life Ins. Co.
v. Martin, 157 S.W.2d 149, 152 (Tex. Civ. App.--Texarkana 1941, writ ref'd); Resendez, 706
S.W.2d at 345; Jensen v. Bryson, 614 S.W.2d 930, 933 (Tex. Civ. App.--Amarillo 1981, no
writ). On Gaona's future performance of the agreement to pay the purchase price of the land, he
would be entitled to have the land conveyed to him. Further, the agreement Gaona asserts was
oral, not written. For these reasons, the recording statute has no effect on the agreement between
Rachel and Gaona.

 Because the recording statute does not control, Rodolfo is subject to the common-law rule that his judgment lien attached only to the interest in the land actually owned by Rachel. 
Rachel's agreement with Gaona preceded the recording of Rodolfo's judgment. Under the
executory contract to convey the land, Gaona acquired an equitable right to make payments on the
property and to receive a deed and legal title when he completed the payments. Johnson v. Wood,
157 S.W.2d 146, 148 (Tex. 1941); Resendez, 706 S.W.2d at 345. Until Gaona fully performed
the contract, Rachel retained legal title to the property, but held that title subject to Gaona's
equitable rights. This is all that Rodolfo could acquire: legal title subject to Gaona's equitable
rights, which could not be extinguished by Rodolfo's lien. Equitable rights in real property owned
by someone other than the debtor, which rest in parol, will be protected against a judgment lien. 
Jones, 183 S.W. at 876; Carlisle v. Holland, 289 S.W. 116, 118 (Tex. Civ. App.--El Paso 1926,
writ ref'd); see also Resendez, 706 S.W.2d at 346 (on performing executory contract to convey
land, buyer acquired equitable title superior to judgment lien on land). A judgment creditor who
acquires a lien on land that is subject to equitable interests is not protected against those interests
despite his lack of notice. Garrison v. Citizens' Nat'l Bank, 25 S.W.2d 231, 232 (Tex. Civ.
App.--Waco 1930, writ ref'd).

 By way of analogy to our case, we note the application of the common-law rule to
a buyer who has fully performed an executory contract to convey land. Upon full performance,
the buyer's equitable right ripens into an equitable title superior to legal title to the property. 
Wood, 157 S.W.2d at 148. Because the buyer's equitable title arises by operation of law and does
not depend on the execution of a deed, the title is not subject to recording and it is protected even
though the seller's judgment creditor had no notice of the equitable title. Resendez, 706 S.W.2d
at 346-47; JHJ Invs. Co., 835 S.W.2d at 815; Jensen, 614 S.W.2d at 933. Although Gaona's
equitable rights had not ripened into equitable title when Rodolfo recorded the abstract of
judgment, his equitable rights resemble equitable title in that they arose by operation of law, and
they are similarly entitled to protection from Rodolfo's judgment lien.

 Rachel's legal title, as it existed when Rodolfo recorded his abstract of judgment,
could be reached by Rodolfo's lien subject to Gaona's equitable rights. Pevehouse v. Oliver Farm
Equip. Sales Co., 114 S.W.2d 658, 662-63 (Tex. Civ. App.--Amarillo 1938, writ dism'd); see
5 Herbert Thorndike Tiffany, The Law of Real Property § 1583, at 709 (3d ed. 1939). Rodolfo's
lien entitled him to receive from Gaona the amount of the purchase price remaining unpaid when
the lien arose; on Gaona's full payment of the purchase price, Rodolfo would be required to
convey legal title to the land to Gaona. See Pevehouse, 114 S.W.2d at 663; May v. Emerson, 96
P. 454, 455-56 (Or. 1908); III American Law of Property § 11.29, at 85-86 (A. James Casner ed.,
1952); 5 Tiffany § 1583, at 710. It appears that the portion of the remaining purchase price
payable to Rodolfo by Gaona depends on Gaona's actual notice of Rodolfo's lien. See May, 96
P. at 455-56; III American Law of Property § 11.29, at 85; 2 A.C. Freeman, A Treatise of the Law
of Judgments § 966, at 2029-30 (5th ed. 1925).

 Because Gaona raised an issue of fact regarding his equitable rights to the property
sufficient to defeat Rodolfo's grounds for summary judgment, we sustain Gaona's issue. In light
of our disposition of Gaona's issue, we overrule Rodolfo's motion to sanction Gaona for a
frivolous appeal. See Tex. R. App. P. 45. We reverse the judgment of the trial court and remand
the cause to the trial court for further proceedings.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Powers*

Reversed and Remanded 

Filed: July 15, 1999

Publish


* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. Section (a) of the recording statute provides:


A conveyance of real property or an interest in real property or a mortgage or deed
of trust is void as to a creditor or to a subsequent purchaser for a valuable
consideration without notice unless the instrument has been acknowledged, sworn to,
or proved and filed of record as required by law.


Tex. Prop. Code Ann. § 13.001(a) (West Supp. 1999).


ory contract to convey
land, buyer acquired equitable title superior to judgment lien on land). A judgment creditor who
acquires a lien on land that is subject to equitable interests is not protected against those interests
despite his lack of notice. Garrison v. Citizens' Nat'l Bank, 25 S.W.2d 231, 232 (Tex. Civ.
App.--Waco 1930, writ ref'd).

 By way of analogy to our case, we note the application of the common-law rule to
a buyer who has fully performed an executory contract to convey land. Upon full performance,
the buyer's equitable right ripens into an equitable title superior to legal title to the property. 
Wood, 157 S.W.2d at 148. Because the buyer's equitable title arises by operation of law and does
not depend on the execution of a deed, the title is not subject to recording and it is protected even
though the seller's judgment creditor had no notice of the equitable title. Resendez, 706 S.W.2d
at 346-47; JHJ Invs. Co., 835 S.W.2d at 815; Jensen, 614 S.W.2d at 933. Although Gaona's
equitable rights had not ripened into equitable title when Rodolfo recorded the abstract of
judgment, his equitable rights resemble equitable title in that they arose by operation of law, and
they are similarly entitled to protection from Rodolfo's judgment lien.

 Rachel's legal title, as it existed when Rodolfo recorded his abstract of judgment,
could be reached by Rodolfo's lien subject to Gaona's equitable rights. Pevehouse v. Oliver Farm
Equip. Sales Co., 114 S.W.2d 658, 662-63 (Tex. Civ. App.--Amarillo 1938, writ dism'd); see
5 Herbert Thorndike Tiffany, The Law of Real Property § 1583, at 709 (3